## MARX v. WHITE CO.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. ACCORD AND SATISFACTION (§ 11*)—ACCEPTANCE OF CHECK MARKED IN FULL PAYMENT.
    Where defendant wrote plaintiff, inclosing a statement purporting to show its entire indebtedness to plaintiff, and a check indorsed "in full settlement as per contract," which plaintiff deposited and used, there was an accord and satisfaction, though the check was indorsed by plaintiff's son, who had authority to indorse checks for deposit, without plaintiff's having seen it, and plaintiff wrote two days later that it would be credited on account.
    [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11.*]

2. CONTRACTS (§ 232*)—MODIFICATION—ALTERATION OF TERMS.
    Plaintiff cannot recover for extra work in addition to the amount called for by contract, where such extra work was only a modification of the contract, changing the character of some of the work to be done, and such modification was made before the contract was accepted.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. § 232.*]

Appeal from City Court of New York, Trial Term.

Action by George B. Marx against the White Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles M. Russell, of New York City (Walter L. Post, of New York City, of counsel), for appellant.

Abraham Nelson, of New York City (William V. Zipser, of New York City, of counsel), for respondent.

BIJUR, J.  This action was brought to recover for the price of 20 automobile bodies.

[1] One decisive point in the case requires a reversal of the judgment.  It appears, without contradiction, that after a prolonged dispute as to the amount due from defendant to plaintiff, defendant wrote:

"We inclose our check for $132.59, together with statement showing our entire indebtedness to you on the Gimbel bodies.  This statement is in accordance with the contract. * * *"

The check inclosed was indorsed:

"In full settlement as per contract."

The check was deposited and used by the plaintiff, and two days later plaintiff wrote defendant:

"Your check for $132.59 received, for which we will credit your account. * * *"

There can be no doubt that this would have constituted an accord and satisfaction as pleaded, were it not for the point raised by the plaintiff respondent to the effect that he himself never saw the check, but that it was indorsed by his son, who had authority "to indorse for him," and who was authorized "to sign for him," and who was his bookkeeper.  He also said of his son:

"He has only a right to indorse checks for deposit; that is all."

Even if the authority of the son was not so extensive that the plaintiff was bound by his acceptance of the check with the qualifying indorsement, the accompanying letter which the plaintiff received sufficiently indicated that the check was in settlement of the account after a dispute.  On familiar principles, an accord and satisfaction was thus established.

[2] Respondent's further claim that he is, at all events, entitled to recover for a further sum for "extra work," is disposed of by the conceded fact that the so-called "extra work" was only a modification of the contract, changing the character of some of the work to be done, and that such modification was made before the contract was accepted.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.  All concur.