MARX v. WHITE CO.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

ACCORD AND SATISFACTION (§ 11*)—COMPROMISE AND SETTLEMENT (§ 6*)—
WHAT CONSTITUTES.

Where defendant disputed plaintiff's claim for extra work upon a con-
tract, the acceptance by plaintiff of a check, which defendant stated cov-
ered its entire indebtedness on the work and which was indorsed "in
full settlement," constitutes an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig.
§§ 75–82; Dec. Dig. § 11;* Compromise and Settlement, Cent. Dig. §§ 35–
50; Dec. Dig. § 6.*]

Appeal from City Court of New York, Trial Term.

Action by George B. Marx against the White Company. From a
judgment for plaintiff, defendant appeals. Reversed, and complaint
dismissed.

See, also, 143 N. Y. Supp. 1036.

Argued June term, 1914, before SEABURY, BIJUR, and
PAGE, JJ.

Charles M. Russell, of New York City (Walter L. Post, of New
York City, of counsel), for appellant.

Abraham Nelson, of New York City, for respondent.

PAGE, J. This action was brought to recover for the balance due
under an alleged contract and also for extra work connected with the
making by plaintiff of 20 automobile bodies on defendant's order.

A prior judgment in favor of plaintiff was reversed by this court.
143 N. Y. Supp. 1036. Nothing has appeared in this case to warrant
any change in our views there expressed, and they apply to the record
now before us.

It seems quite plain that defendant established an accord and satis-
faction.

Respondent urges that the letter and check which evidenced the ac-
cord and satisfaction are insufficient because a considerable part of the
claim is for extra work, and because the settlement is spoken of in
defendant's letter as being "in accordance with the contract." The an-
swer to this contention, however, lies in the fact that defendant disput-
ed the claim for the extra work; that it was at the time one of the
items in controversy; and that the acts of the parties must be inter-
preted, not by what plaintiff claims he would like to understand, but
what was the plainly expressed intention.

Defendant wrote:

"We inclose our check for $132.59 together with a statement showing our
entire indebtedness to you on the Gimbel bodies."

And the check was indorsed:

"In full settlement as per contract, $132.59."

Judgment reversed, with costs, and complaint dismissed, with costs.
All concur.