CHARLES W. ANDERSON, Respondent, v. WOOD, DOLSON COMPANY, INC., Appellant.

First Department, April 3, 1925.

Accord and satisfaction — action to recover alleged balance due for work and material on building — after work was completed dispute arose as to correctness of bill which plaintiff admitted was incorrect in part — defendant sent letter addressed to plaintiff containing check for $1,000 in full settlement of account — check was received and deposited — accord and satisfaction shown — fact that agent of plaintiff did not have authority to accept check does not overcome defense, for plaintiff did not tender back amount of check nor object thereto within reasonable time — plaintiff is bound by act of agent.

In an action to recover an alleged balance due for work and materials on a building under a contract with the defendant an accord and satisfaction is shown by evidence that after the work was completed a dispute arose between the defendant and the plaintiff with reference to the correctness of the bill rendered; that the plaintiff admitted the bill was incorrect in part and thereafter the defendant wrote a letter addressed to the plaintiff, which was received by the plaintiff, stating that it was sending the plaintiff a check for $1,000 in full settlement of all claims to date, and that the plaintiff received the letter and check and deposited the check without immediately objecting thereto.

The fact that the agent of the plaintiff may not have had authority to compromise the claim does not overcome the defense of accord and satisfaction, since it appears that the plaintiff did not object to the settlement tendered in the defendant's letter until some two months thereafter and never tendered the amount of the check to the defendant.

Furthermore, defendant's letter was received in the regular course of business by the plaintiff or by someone in his employ who was authorized to open the letter and deposit the check, and if the agent exceeded his authority, the limits thereof not being known to the defendant, the plaintiff is chargeable with the acts of the agent, especially since there was not a prompt repudiation of the agent's act and a tender back of the amount of the check.

APPEAL by the defendant, Wood, Dolson Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of November, 1923, upon the verdict of a jury.

*Howard C. Kelly,* for the appellant.

*Randall, Larson & Hawkins* [*Theodore E. Larson* of counsel], for the respondent.

MARTIN, J.:

The defendant was agent for the 23–25 Beaver Street Corporation, owner of premises 23–25 Beaver street, borough of Manhattan, New York city. The plaintiff alleges that he performed work on that building and furnished materials in the performance thereof,

of the reasonable value of $11,169.23, of which defendant paid $9,000, leaving a balance of $2,169.23, which plaintiff seeks to recover.

The defendant denies that the reasonable value of the work was $11,169.23, and pleads, among other defenses, accord and satisfaction.

During the progress of the work, labor and materials were furnished which were not included in the original estimate and defendant paid plaintiff various sums therefor. After completion plaintiff made up and sent to defendant his bills with a statement showing $7,938.24 due, but its representatives were unable to reconcile the items in these bills with the work actually performed. It is asserted by defendant that the bills contained numerous errors. It is not open to question that defendant disputed them in good faith; and plaintiff admitted at the trial that they contained many errors. From the time plaintiff submitted his bills down to and throughout the trial plaintiff and defendant were unable to reconcile their differences or to agree on the items of work performed and the amount to be paid therefor.

It developed at the trial that plaintiff had furnished services and material after he had checked up the bills in June, 1920, and defendant paid, at that time, $188.75, the full amount demanded for such labor and materials, thereby reducing plaintiff's claim for $2,169.23 to $1,980.48.

The controversy between the plaintiff and defendant, beginning in June, 1920, prompted defendant to mail a letter to plaintiff dated August 19, 1920, which after rehearsing some of the differences between them and indicating that the bills could not be checked up with the work, and disputing some items as never having been done, stated:

" I have endeavored to check up the work as carefully as I could and taking all things into consideration, I feel that if we pay you $9,000, it will be very fair and liberal for what you did. We have already given you $8,000 on account. I am therefore enclosing herewith a check for $1,000 which you will note is marked, ' In full settlement for all claims to date.'

" If you are willing to accept this check, kindly receipt the enclosed bills and return them to us.

" If you do not care to accept same in full settlement, I wish to say that I will have no further negotiations with you in the matter and that you may then bring suit and present your side of the case in court at which time we will be prepared to show definitely and conclusively the kind of work you did, the kind that you promised to do, the prices called for in your estimate

and the prices which you have charged, and I am sure that when we get through, the Court will award you less than the $9,000 which we herewith offer you."

About two and a half months later plaintiff sent defendant a letter dated November 8, 1920, in which he admitted that the bills were incorrect in many particulars and in which he inclosed a new set of bills, undated but accompanied by a statement dated October 20, 1920, purporting to show a total of $11,169.23 and an indebtedness to plaintiff after deducting the $9,000 previously paid by defendant of $2,169.23, the amount for which he sued.

In this last set of bills many of the errors admittedly made in the first set were corrected, but, on the other hand, defendant was charged higher rates for " overtime," although plaintiff admitted that the first bills correctly set forth what had been paid. In justification for this additional amount, he refers to charges for " overhead and supervision " and other similar matters.

The defendant contends that plaintiff has been paid in full and that plaintiff's acceptance of defendant's check marked " in full settlement of all claims a/c 23–25 Beaver St. Corp., to date " and contained in the letter quoted from above established an accord and satisfaction.

The record discloses that there was an honest dispute; that several of the items for which payment was demanded by the plaintiff were not justly due; and that defendant's objection to paying them was valid.

The law governing this subject will be found in the recent case of *Schnell* v. *Perlmon* (238 N. Y. 362), where the authorities are discussed and an effort made to arrive at a logical rule. The headnote summarizes the law as follows: " The general rule is that a liquidated claim, that is, a claim which is not disputed, but admitted to be due, cannot be discharged by any payment of a less amount. It is only in cases where a dispute has arisen between the parties as to the amount due and a check is tendered on one side in full satisfaction of the matter in controversy that the other party will be deemed to have acquiesced in the amount offered by an acceptance and a retention of the check."

For the purpose of meeting this defense, plaintiff asserts that the check was received by an agent authorized to collect the debt but without power to compromise or to release the debtor. It must be borne in mind, however, that this letter was addressed to the plaintiff; that it was opened by plaintiff's employee or agent; that the check was made to the plaintiff and required his authorized indorsement before it could be collected. He says that, upon learning that his agent had exceeded his authority, he knew he

was obliged to ratify or disaffirm the act and he promptly gave notice of disaffirmance and immediately offered to make restitution. But there is no evidence of any tender by the plaintiff, and, in order to disaffirm under the circumstances, it would have been necessary for him to return or tender the amount received on the check.

In *Marx* v. *White Co.* (143 N. Y. Supp. 1036) a similar position was taken and it was asserted that the check had been deposited by the son of plaintiff who had a right to indorse checks for deposit only. The court said: " Even if the authority of the son was not so extensive that the plaintiff was bound by his acceptance of the check with the qualifying indorsement, the accompanying letter which the plaintiff received sufficiently indicated that the check was in settlement of the account after a dispute. On familiar principles, an accord and satisfaction was thus established."

In *Nassoiy* v. *Tomlinson* (148 N. Y. 326, 331) the court said: " The plaintiff cannot be permitted to assert that he did not understand that a sum of money, offered ' in full,' was not, when accepted, a payment in full. As was said in *Hills* v. *Sommer* (53 Hun, 392, 394), he was ' bound either to reject ' the check ' or, by accepting it, to accede to the defendant's terms.' The money tendered belonged to them, and they had the right to say on what condition it should be received. ' Always the manner of the tender and of the payment shall be directed by him that maketh the tender or payment and not by him that accepteth it.' (*Pinnel's Case*, 5 Co. 117.) The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand. He could not accept the benefit and reject the condition, for if he accepted at all it was *cum onere*. When he indorsed and collected the check, referred to in the letter asking him to sign the inclosed receipt in full, it was the same, in legal effect, as if he had signed and returned the receipt, because acceptance of the check was a conclusive election to be bound by the condition upon which the check was offered. The use of the check was *ipso facto* an acceptance of the condition. The minds of the parties then met so as to constitute an accord, and, as was said by this court in *Fuller* v. *Kemp* (138 N. Y. 231), ' the acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference from the transaction.' "

The law is well stated in 2 Corpus Juris (p. 493), under the title " Agency " as follows: " Accepting Benefits — (1) General Rule. In accordance with the rule that the principal must ratify the whole of the agent's unauthorized act or not at all, and cannot accept its beneficial results and at the same time avoid its burdens,

it is well settled that, as a general rule, if a principal with full knowledge of all the material facts takes and retains the benefits of the unauthorized act of an agent he thereby ratifies such act, and that with the benefits he accepts also the liabilities and burdens resulting therefrom."

And at page 492 the following will be found: " [§ 111] (4) Facts Liberally Construed. Where an agency has been shown to exist the facts will be liberally construed in favor of a ratification by the principal of the acts of the agent, and very slight circumstances and small matters will sometimes suffice to raise the presumption of ratification, particularly where the act is for the benefit of the principal."

The defendant's letter was received in the regular course of business by plaintiff or someone authorized to receive and open it and deposit the check. The conclusion is irresistible that it either reached plaintiff or an agent of his placed in a position to pass on defendant's offer of the sum of $1,000 in full settlement. An agent at plaintiff's place of business, whose acts are chargeable solely to plaintiff and are not even known to those outside plaintiff's office, having power to pass on the matter to the extent of receiving and depositing the check, must be deemed, as against his employer, either to have had authority to pass on the matter himself or to have drawn it to the attention of someone who had such authority. If such employee failed to perform his duty in this respect, plaintiff and not defendant is to be charged with the consequences. We believe there was neither a prompt nor an effective repudiation of the agent's acts.

In *Cox* v. *Stokes* (156 N. Y. 491, 506) the court said: " Effective rescission requires a lawful right to rescind, due notice of an intention to rescind and the restoration of benefits received by the party attempting to rescind, so that the other party may be placed in *statu quo*. Even if the most complete right of rescission exists it cannot be exercised without a return or an offer to return such benefits."

Under the circumstances, we believe the defense of accord and satisfaction was established. The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, MERRELL, MCAVOY and BURR, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.