Sinclair Refining Company, Plaintiff, *v.* Unadilla Motor and Supply Company, Defendant.

Supreme Court, Otsego County, January 9, 1926.

**Accord and satisfaction — action on contract for balance claimed due on shipment of carload lots of gasoline — defendant after dispute as to amount due plaintiff mailed check bearing words " in full of our account to date "— retention of check by plaintiff deemed accord and satisfaction — complaint dismissed — sales slips showing price to others on other dates are incompetent.**

An accord and satisfaction is shown where it appears that after a dispute between the parties as to what sum or sums were due from the defendant to the plaintiff under a contract pursuant to which the plaintiff furnished the defendant with carload lots of gasoline, defendant delivered to the plaintiff a check bearing the words " in full of our account to date; " therefore, plaintiff's complaint in the action for the balance due under the contract should be dismissed.

Sales slips setting forth tank wagon price of another brand of gasoline on certain dates to other parties than the defendant, which failed to show that the dates upon which the sales thereon were made were the same dates upon which shipments of gasoline were made from the plaintiff to the defendant, are incompetent as evidence of the tank wagon sale price to defendant.

Action on contract for balance claimed to be due on several shipments of carload lots of gasoline.

*George L. Bockes,* for the plaintiff.

*George M. LePine,* for the defendant.

Lee, J. This case was submitted to this court upon a written stipulation. In addition to the written stipulation there was submitted by each of the parties a number of exhibits.

The plaintiff, Sinclair Refining Company, brings action against the defendant, Unadilla Motor and Supply Company, alleging that there is a balance due on contract of $688.35. The defendant claims that there has been an accord and satisfaction between the parties of all the alleged claims of the plaintiff.

The parties to this controversy entered into a written contract on December 22, 1922, by which the plaintiff, Sinclair Refining Company, agreed to sell gasoline to the defendant, Unadilla Motor and Supply Company, at Unadilla, N. Y., and at a price three and three-quarters cents less than the official gasoline tank wagon price of the Standard Oil Company of New York at Unadilla, N. Y., that prevailed at Unadilla, N. Y., on the date of any original shipment under said contract. Pursuant to such arrangement the defendant ordered and the plaintiff shipped a number of shipments of gasoline

to defendant, each shipment being approximately 10,000 gallons of gasoline.

Prior to January 17, 1924, the parties had considerable correspondence concerning what was the Standard Oil tank wagon price at Unadilla, N. Y., on the dates of the original shipments from plaintiff to defendant, the defendant contending that the plaintiff was charging them a higher tank wagon price than was charged by the Standard Oil Company of New York on the dates of the original shipments before the plaintiff deducted the three and three-quarters cents per gallon under the contract. After the contract had been made between the parties the plaintiff voluntarily agreed by letter that the defendant have a further deduction of one and one-fourth cents per gallon for at least a part of the shipments. Hence, prior to January 17, 1924, there was considerable difference between the parties as to what sum or sums were due from the defendant to the plaintiff by reason of the fact that the parties differed on what was the official tank wagon price of gasoline by the Standard Oil Company of New York on the dates of the original shipments of gasoline from plaintiff to defendant.

On the 17th day of January, 1924, the defendant sent to the plaintiff the following letter:                                    *"Jan. 17th,* 1924.

" Sinclair Refining Company,
                    " New York City:

" Gentlemen.— We are enclosing herewith check for $1608.19 covering invoices 11–5–23, $897, and 12/7/23, $711.19, being in full of our account to date.

" This is based on prevailing tank wagon price at Unadilla at the time of invoice, 15¢, less 4 1/2¢ per gallon as per contract.

" Thanking you for past favors, we remain,
                    " Very truly yours,
          " UNADILLA MOTOR & SUPPLY COMPANY, INC.
" CCM /t                              Per C. C. Moore "

The plaintiff states under the stipulation in submitting this case that they have no record of ever receiving the letter in question but there is no denial that the same was received. There was sent with the letter a check dated January 17, 1924, for $1,608.19, which check the plaintiff indorsed and received payment for said sum. The fact that the letter was mailed by the defendant raises a legal presumption that it was received. (*Elmore* v. *Busseno,* 175 App. Div. 233.)

There having been a dispute between the parties prior to the time the check was received by the plaintiff and as defendant in its letter stated that the check of $1,608.19 was in full of its

account to date, the acceptance and retention by the plaintiff of the check is deemed an acquiescence of the amount offered and legally constitutes an accord and satisfaction of the claim of plaintiff. (*Anderson* v. *Wood, Dolson Co., Inc.,* 212 App. Div. 483; *Schnell* v. *Perlmon,* 238 N. Y. 362; *Nassoiy* v. *Tomlinson,* 148 id. 326; *Fuller* v. *Kemp,* 138 id. 231.)

In the case of *Fuller* v. *Kemp* (*supra*) the plaintiff, a physician, had rendered a bill for professional services for $670. The defendant on the receipt of the bill wrote the plaintiff questioning the justice of his charge and inclosed a check for $400, which he said was in full satisfaction of plaintiff's claim. The plaintiff in that case retained and collected the check and again sent a bill charging the same amount as before and crediting thereon the $400. The defendant thereupon wrote him stating that the check was sent in full satisfaction; that he did not recognize the plaintiff's right to retain it and repudiate the condition and requested him either to return the money or to retain it upon the condition named. To this letter the plaintiff made no reply but subsequently brought an action to recover the balance. The court held: "Upon these conceded facts, we think it must be held that there was in law an accord and satisfaction of the plaintiff's claim, and that no recovery could be lawfully predicated upon it. * * * It is of no significance in this case that the remittance was by check. Both parties treated it as money, and upon the receipt of this letter the plaintiff had but a single alternative presented for his action — the prompt restoration of the money to his debtor or the complete extinguishment of the debt by its retention. The tender and the condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference to be drawn from the transaction. Under such circumstances the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest can affect the legal quality of his act."

It would seem from the authorities cited and from the facts of the instant case that the retention and use of the check by the plaintiff constituted an accord and satisfaction. If the plaintiff was not willing to accept the check upon the conditions it was sent by the defendant, the plaintiff's duty was to return it without using.

The amount due the plaintiff at the time defendant sent the check in question was not liquidated. By a "liquidated" claim it is meant that the amount due has been ascertained and agreed upon by the parties. (*Chicago, Milwaukee, etc., R. Co.* v. *Clark,* 178 U. S. 353.)

This court having held that there was an accord and satisfaction it would be unnecessary to further extend this opinion except for the following stipulation of the parties at the time the case was submitted, viz.: " Further that the blue invoice slips of Standard Oil Company of New York correctly show the tank wagon price of the Standard Oil Company on the dates specified on slips which were charged Lords Garage and Maurice Simmons at Unadilla, N. Y., but the defendant objects to their reception as evidence on the sole ground that not being sales on the date of the invoices of sales by plaintiff to defendant they are incompetent and irrelevant to the issue and if received by the court the defendant is to have an exception and if excluded plaintiff is to have an exception. The plaintiff offers them on the ground that after due diligence they are the best evidence obtainable and when read in connection with the correspondence and statements of account are competent."

The blue slips setting forth tank wagon price to two other parties at Unadilla, N. Y., other than the defendant were tank wagon prices of gasoline sold by the Standard Oil Company of New York on certain dates, but none of the dates in question upon which said sales were made were the same days upon which original shipments were made of gasoline from the plaintiff to the defendant. A considerable number of days elapsed between the time of the sales mentioned on the slips in most cases and the dates of the actual original sales from plaintiff to defendant. The evidence of the sales as shown by said slips are nearly all not within a reasonable time of the dates of the sales by the plaintiff to the defendant. They are not proper or competent evidence of the tank wagon sale price of the Standard Oil Company of gasoline on the dates of the original shipments from plaintiff to the defendant and would be too uncertain evidence upon which the court could base a verdict for damages in this case even were there no accord and satisfaction between the parties.

It is a matter of common knowledge that the price of gasoline fluctuates from day to day and in view of the fact that the shipments from plaintiff to defendant were in approximately 10,000 gallon lots, a difference of one or two cents in price of the gasoline would make a considerable difference in price. Hence, this court has not received in evidence the slips offered by the plaintiff and under the stipulation of the parties the plaintiff is granted an exception.

This court, therefore, finds that plaintiff's complaint should be dismissed, with costs.