BARCLAY'S BANK OF NEW YORK N. A., Respondent, v MARKET STREET MORTGAGE CORPORATION, Appellant, et al., Defendants. (And Another Related Action.)

Third Department, January 28, 1993

### APPEARANCES OF COUNSEL

*Bleakley, Platt & Schmidt,* White Plains *(Frank J. Ingrassia* and *William P. Harrington* of counsel), for appellant.

*Gellert & Cutler, P. C.,* Poughkeepsie *(Terry D. Horner* and *Lillian S. Weigert* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether Supreme Court erred in granting plaintiff's motion for summary judgment in its action

to foreclose on a mortgage securing a $65,000 home equity line of credit issued to defendant James C. Terry. Defendant Market Street Mortgage Corporation loaned $96,000 to Terry to refinance his indebtedness, including that to plaintiff, and took back a mortgage on Terry's real property which was recorded after the mortgage held by plaintiff.

Prior to the closing of Market Street's mortgage, Terry's attorney requested that plaintiff provide a payoff figure on Terry's line of credit account. Plaintiff responded by letter dated August 17, 1988 which listed the payoff amount and stated: "Should the Title Company paying off the loan need the line to be frozen the day of the closing, we would require in advance written instructions that no further withdrawals would be made and that any checks presented to us thereafter would be returned unpaid." At the closing on September 6, 1988, Amanda Gerkens, a representative of the title company handling the closing, obtained a final payoff figure from plaintiff over the telephone, and a bank check was drawn in that amount payable to plaintiff. Gerkens sent the check together with a satisfaction of mortgage, which plaintiff was requested to execute and return to the title company for recording. Plaintiff cashed the check but did not execute the satisfaction of mortgage.

Terry subsequently borrowed additional funds from plaintiff and when he defaulted on those loans, plaintiff commenced this action to foreclose on the mortgage given by Terry to secure the line of credit. Market Street submitted an answer which included counterclaims seeking a declaration that its mortgage has priority over plaintiff's mortgage and an order directing plaintiff to execute the satisfaction.* Plaintiff and Market Street cross-moved for summary judgment and Supreme Court granted summary judgment to plaintiff, resulting in this appeal by Market Street.

Market Street contends that pursuant to RPAPL 1921 (1) plaintiff was required to comply with the request to execute the satisfaction after Terry's mortgage with plaintiff was paid. Plaintiff contends that its mortgage was a credit line mortgage within the meaning of Real Property Law § 281 and, therefore, the mortgage applied to future advances during the term of the mortgage despite payments by Terry which reduced the

---

* Terry also defaulted on the loan from Market Street and Market Street commenced an action to foreclose on its mortgage. The second action is not involved in this appeal.

outstanding balance to zero. According to plaintiff, the mortgage continued to exist because the line of credit was not canceled or terminated in accordance with the specific provisions of the line of credit agreement. In particular, plaintiff relies on the fact that there was never a specific written request by Terry to cancel the line of credit.

■ RPAPL 1921 (1) provides that a mortgagee must execute a satisfaction "[u]pon the request of the mortgagor or of any other person interested in the mortgaged premises made at * * * any time after payment thereof has actually been made". We are of the view that the issue raised by Market Street's claim is whether the check delivered and negotiated by plaintiff constituted "payment" of the credit line mortgage within the meaning of RPAPL 1921 (1). If so, Market Street was statutorily entitled to have the satisfaction executed by plaintiff, and we conclude that the nonoccurrence of any of the events specified for termination or cancellation of the line of credit agreement, to which Market Street was not a party, cannot affect Market Street's rights under RPAPL 1921.

We agree with plaintiff that the mere reduction to zero of the outstanding balance of a credit line mortgage during the term of the mortgage does not constitute payment of the mortgage for the purposes of determining whether the mortgagee must execute a satisfaction upon request. Here, however, Terry did more than simply reduce his credit line balance to zero. On two occasions, plaintiff was requested to provide the "payoff figure" on Terry's line of credit. That plaintiff recognized the nature of the transaction which prompted these requests is clear from plaintiff's written response to the first request, stating: "Should the Title Company paying off the loan need the line to be frozen the day of closing, we would require in advance written instructions * * * A satisfaction of mortgage will be released only after a reconciliation of your account shows a zero balance." A bank check in the exact amount of the payoff figure was delivered to plaintiff. The letter accompanying the check was directed to the attention of "Home Equity Payoff", with reference to Terry's account, and stated that the check was "to satisfy the above captioned mortgage". A satisfaction of mortgage was also enclosed with the check, and plaintiff was requested to execute and return the satisfaction to the title company for recording. In view of these undisputed facts, plaintiff's claim that Terry merely paid the balance of his credit line down to zero is meritless. Considering all of the relevant facts and

circumstances surrounding the delivery of the check to plaintiff, no reasonable person could view the check as anything other than "payment" of the credit line mortgage within the meaning of RPAPL 1921 (1).

■ The title company's failure to provide the advance written instructions necessary to freeze the line of credit might have permitted plaintiff to make advances after the closing, but once plaintiff received the check in payment of the credit line mortgage with no such advances having been made, Market Street was entitled to have the satisfaction executed pursuant to RPAPL 1921 (1). Nor does *State Bank v Fioravanti* (51 NY2d 638), relied upon by plaintiff, require a different conclusion. In that case, the mortgage secured not only the bond referred to in the mortgage but also any further loans from the mortgagee to the mortgagors, with a limit on the maximum amount to be secured at any one time. In addition to the original bond, the mortgagors executed a subsequent note to the mortgagee. A subsequent purchaser of the property apparently assumed the obligation of the bond and thereafter paid that obligation. When the original mortgagors defaulted on the note, the mortgagee sought to foreclose on the mortgage and it was permitted to do so despite the subsequent purchaser's payment of the bond. The Court noted that the further indebtedness, i.e., the note, had been incurred by the mortgagors before the sale of the property *(supra,* at 645). In addition, the mortgagee had not provided a written statement of the amount due *(supra,* at 647). Here, however, plaintiff made the subsequent advances after Market Street had acquired its interest in the property and after plaintiff's mortgage had been paid in accordance with the written statement furnished by plaintiff and after plaintiff had been requested to execute a satisfaction. We also find no merit in plaintiff's contention that it was obligated to continue to make advances pursuant to the line of credit agreement regardless of whether there had been a payment within the meaning of RPAPL 1921 (1). In any event, Terry further encumbered the property by giving a mortgage to Market Street and, therefore, he was in default under the express terms of the line of credit agreement.

■ RPAPL 1921 (2) creates a specific remedy, in the form of an action in Supreme Court or County Court, for any person having an interest in the mortgaged premises in the event that a mortgagee fails to comply with RPAPL 1921 (1), and Market Street's answer includes a counterclaim which ap-

pears to be sufficient to invoke that remedy. We note, however, that nearly three years elapsed between plaintiff's failure to execute the satisfaction and Market Street's resort to the remedy provided by RPAPL 1921. Plaintiff's reply includes a claim of laches as an affirmative defense to Market Street's counterclaims, but plaintiff presented no evidence in support of the claim or any of its other affirmative defenses. We conclude, therefore, that Market Street is entitled to summary judgment on its fifth affirmative defense and counterclaim seeking relief under RPAPL 1921, except insofar as it seeks counsel fees pursuant to RPAPL 1921 (5). The matter must be remitted to Supreme Court to fashion the appropriate order canceling and discharging plaintiff's mortgage pursuant to RPAPL 1921.

WEISS, P. J., LEVINE, MAHONEY and HARVEY, JJ., concur.

Ordered that the order is modified, on the law, with costs to defendant Market Street Mortgage Corporation, by reversing so much thereof as granted plaintiff's motion for summary judgment and denied defendant Market Street Mortgage Corporation's cross motion for summary judgment; motion denied, cross motion granted on the issue of defendant Market Street Mortgage Corporation's entitlement to discharge or cancellation of plaintiff's mortgage pursuant to RPAPL 1921, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.