■ In the Matter of JANIE POGAN REITMAN, Also Known as JANIE REITMAN, et al., Appellants, v WACHOVIA NATIONAL BANK, N.A., Respondent. [854 NYS2d 179]—

Contrary to the petitioners' contentions, the Supreme Court properly denied that branch of their motion which was for summary judgment on the petition, inter alia, to direct the respondent to issue a satisfaction of the subject credit line mortgage pursuant to RPAPL 1921 (1) and granted that branch of the respondent's cross motion which was for summary judgment on its first and second counterclaims. RPAPL 1921 (1), obligates a

mortgagee to issue a satisfaction of a credit line mortgage, "on written request" therefor, "[a]fter payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made."

In response to the respondent mortgagee's prima facie showing of entitlement to summary judgment demonstrating that the petitioners did not comply with the requirement under RPAPL 1921 (1) that a written request be made for the satisfaction, the petitioners failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In opposition to the respondent's cross motion and in support of their motion for summary judgment, the petitioners failed to proffer any evidence that the respondent received a "written request" from its borrower, the petitioner Janie Pogan Reitman, also known as Janie Reitman, or any of the other petitioners, advising it to issue a satisfaction of the credit line mortgage (*see* RPAPL 1921 [1]). Contrary to the petitioners' contention, the cover letter that accompanied a check dated March 17, 2004, representing the amount then needed to reduce the account balance to zero, did not constitute a "written request" to discharge the credit line mortgage pursuant to RPAPL 1921. "[T]he mere reduction to zero of the outstanding balance of a credit line mortgage during the term of the mortgage does not constitute payment of the mortgage for the purposes of determining whether the mortgagee must execute a satisfaction upon request" (*Barclay's Bank of N.Y. v Market St. Mtge. Corp.*, 187 AD2d 141, 144 [1993]).

In addition, there was nothing in the correspondence dated March 17, 2004, indicating that the enclosed check was "to satisfy the [subject credit line] mortgage" (*id.*), or asking the respondent to "send the satisfaction of mortgage[ ]" (*Merrill Lynch Equity Mgt. v Kleinman*, 246 AD2d 884, 885 [1998]), or any other indication that the borrower intended to close the credit line after the March 17th payment was made. Thus, under the circumstances of this case, the respondent was not required to issue a satisfaction pursuant to RPAPL 1921 (1) (*cf. Barclay's Bank of N.Y. v Market St. Mtge. Corp.*, 187 AD2d 141, 144 [1993]; *Merrill Lynch Equity Mgt. v Kleinman*, 246 AD2d 884, 885 [1998]).

Accordingly, the Supreme Court, upon granting the respondent summary judgment on its first and second counterclaims, properly determined that the credit line mortgage, which the petitioner again made use of and defaulted on, was a superior lien and that the respondent was entitled to foreclose on it. Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.