■ HSBC Bank, USA, Appellant, v Tretorn Pugkhem et al., Defendants, and Antonios Feggoudakis, Respondent. [931 NYS2d 635]—

In 2002 the defendants Tretorn Pugkhem and Sumarin Pugkhem obtained from the plaintiff bank a home equity line of credit in the amount of $125,000, which was secured by a mortgage on the subject property, which was then owned by the Pugkhems. In 2005 the defendant Antonios Feggoudakis purchased the subject property from the Pugkhems, and Feggoudakis's closing agent, Thomas Coogan, sent a check to the plaintiff to pay off the balance of the line of credit. The plaintiff received and negotiated the check, but did not close the line of credit. In 2008 the Pugkhems withdrew new funds from the line of credit. When the Pugkhems failed to timely repay the new balance owed, the plaintiff commenced this action to foreclose on the mortgage on the subject property.

Feggoudakis moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, arguing that the plaintiff was obligated to close the line of credit in 2005 when the Pugkhems paid the outstanding balance in full. In support of his motion, Feggoudakis submitted, among other

things, an affidavit from Coogan stating that his "custom practice [*sic*] for closings is to send to the mortgagee a cover letter setting forth the attached relevant payoff letter and corresponding payoff check as well as a request that the mortgage be closed and a subsequent satisfaction of mortgage be filed." Feggoudakis also submitted a copy of a letter from the plaintiff to Tretorn Pugkhem with instructions as to how to pay off the balance of the line of credit (which included an instruction that, "[t]o close your account and obtain a satisfaction of mortgage, please include with your payoff check a letter requesting this be closed"), and a copy of a bank check payable to the plaintiff in an amount sufficient to pay off that balance. Feggoudakis, however, did not submit a copy of any communication from Coogan to the plaintiff requesting that the line of credit be closed. The plaintiff cross-moved for summary judgment dismissing Feggoudakis's answer. The Supreme Court, inter alia, granted that branch of Feggoudakis's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him and denied the plaintiff's cross motion.

The Real Property Actions and Proceedings Law provides, with respect to a credit line mortgage, that: "After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made, and . . . *on written request*, a mortgagee of real property situate in this state . . . must execute , . . . a satisfaction of mortgage" (RPAPL 1921 [1] [emphasis added]). A letter requesting that a mortgagee close a credit line and send a satisfaction of the mortgage (*see Merrill Lynch Equity Mgt. v Kleinman*, 246 AD2d 884, 885 [1998]), or the transmission to the mortgagee of a satisfaction of mortgage accompanied by a request to execute it and return it to a title company for recording (*see Barclay's Bank of N.Y. v Market St. Mtge. Corp.*, 187 AD2d 141, 144 [1993]) will satisfy the statutory requirement of a written request for a satisfaction of mortgage. However, " '[t]he mere reduction to zero of the outstanding balance of a credit line mortgage during the term of the mortgage does not constitute payment of the mortgage for the purposes of determining whether the mortgagee must execute a satisfaction upon request' " (*Matter of Reitman v Wachovia Natl. Bank, N.A.*, 49 AD3d 759, 760 [2008], quoting *Barclay's Bank of N.Y. v Market St. Mtge. Corp.*, 187 AD2d at 144). Moreover, the mere transmission of a check in the amount necessary to pay the entire outstanding balance of a line of credit, accompanied by a cover letter which does not state that the payment is intended to satisfy the credit line mortgage, or request that the mortgagee send a satisfaction of mortgage, or otherwise indicate that the

borrower intends to close the credit line, does not require the mortgagee to close the line of credit or issue a satisfaction of mortgage pursuant to RPAPL 1921 (1) (*see Matter of Reitman v Wachovia Natl. Bank, N.A.*, 49 AD3d at 760).

Here, contrary to Feggoudakis's contention, the allegations of the complaint are clearly sufficient to state a cause of action for foreclosure of the mortgage, and Feggoudakis's motion papers failed to establish any basis for invoking the doctrine of laches. With respect to that branch of Feggoudakis's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), the only evidence submitted by Feggoudakis in support of his contention that a written request to close the credit line was made was the assertion in Coogan's affidavit that his "custom practice" was to send to the mortgagee a request that the mortgage be closed. An affidavit does not constitute documentary evidence for purposes of CPLR 3211 (a) (1) (*see Fontanetta v John Doe 1*, 73 AD3d 78, 85 [2010]; *Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2003]). In addition, Feggoudakis did not submit a copy of any written request to the plaintiff to close the line of credit. Thus, Feggoudakis failed to present documentary evidence that "utterly refute[d] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Accordingly, that branch of Feggoudakis's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him should have been denied.

In support of its cross motion, inter alia, for summary judgment dismissing Feggoudakis's answer, the plaintiff made a prima facie showing that no request to close the line of credit was made. In opposition, Feggoudakis demonstrated that Coogan's usual practice was to send the mortgagee a written request to close the line of credit, thereby raising a triable issue of fact as to whether such a written request was sent to the plaintiff in this case. Thus, the Supreme Court properly denied the plaintiff's cross motion, inter alia, for summary judgment dismissing Feggoudakis's answer. Prudenti, P.J., Rivera, Austin and Roman, JJ., concur.