In an action to foreclose a mortgage, the plaintiff appeals *702 from an order of the Supreme Court, Kings County (Lewis, J.), dated April 15, 2011, which granted the motion of the defendants Joseph E Delgado and Justine Fasciano for summary judgment dismissing the complaint insofar as asserted against them and to vacate a notice of pendency filed in connection with the subject property.
Ordered that the order is affirmed, with costs.
The Real Property Actions and Proceedings Law provides, with respect to credit line mortgages, that a mortgagee of real property must execute a satisfaction of mortgage upon written request and full payment of the mortgage obligation (see RPAPL 1921 [1]; HSBC Bank, USA v Pugkhem, 88 AD3d 649, 650 [2011]). “A letter requesting that a mortgagee close a credit line and send a satisfaction of the mortgage . . . will satisfy the statutory requirement of a written request for a satisfaction” (HSBC Bank, USA v Pugkhem, 88 AD3d at 650 [citations omitted]; see Merrill Lynch Equity Mgt. v Kleinman, 246 AD2d 884, 885 [1998]).
In support of their motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, the defendants Joseph E Delgado and Justine Fasciano (hereinafter together the moving defendants) demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, and to vacate a notice of pendency filed in connection with the subject property, by establishing that the plaintiff accepted the payoff check, which was accompanied by a written request to close the line of credit and send a satisfaction of the mortgage (see RPAPL 1921 [1]; Merrill Lynch Equity Mgt. v Kleinman, 246 AD2d at 885-886; cf. HSBC Bank, USA v Pugkhem, 88 AD3d at 651; Matter of Reitman v Wachovia Natl. Bank, N.A., 49 AD3d 759, 760 [2008]). In opposition to the moving defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 326 [1986]).
Contrary to the plaintiff’s contention, the moving defendants’ motion was not premature (see CPLR 3212 [f]; Buchinger v Jazz Leasing Corp., 95 AD3d 1053 [2012]; Savage v Quinn, 91 AD3d 748, 750 [2012]).
The plaintiffs remaining contention is without merit.
Accordingly, the Supreme Court properly granted the moving defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them and to vacate the notice of pendency filed in connection with the subject property. Skelos, J.E, Balkin, Lott and Miller, JJ., concur.