■ HSBC MORTGAGE CORPORATION (USA), Respondent, v LEON CARR et al., Defendants, and DALE HANSEN, Appellant. [955 NYS2d 155]—

In an action to foreclose a mortgage, the defendant Dale Hansen appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated September 15, 2011, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Dale Hansen for summary judg-

ment dismissing the complaint insofar as asserted against him is granted.

In 2003, the defendants Leon Carr and Claudette Carr (hereinafter together the Carrs) obtained a home equity line of credit account (hereinafter the HELOC) in the amount of $50,000 from the plaintiff, HSBC Mortgage Corporation (USA) (hereinafter HSBC). The HELOC was secured by a mortgage on the subject property (hereinafter the HSBC HELOC mortgage), which was then owned by the Carrs. In 2004, the Carrs refinanced the subject property, obtaining a loan from IndyMac Federal Savings Bank (hereinafter IndyMac) in the amount of $285,000 which was secured by a mortgage on the subject property (hereinafter the IndyMac mortgage). In connection with the IndyMac mortgage, the Carrs requested a "payoff letter" from HSBC relating to the HSBC HELOC mortgage. A check that satisfied the balance due on the HELOC, as of that time, was sent to HSBC. Accompanying that check was an HSBC form (hereinafter the HSBC form) indicating that the Carrs requested that a discharge of the HSBC HELOC mortgage be forwarded to IndyMac's counsel and closing agent, attorney Robert Mandel. It is undisputed that HSBC received and negotiated the check, but did not close the HELOC. It is also undisputed that HSBC received the completed HSBC form.

In 2005 and 2006, the Carrs withdrew $47,788.06 in new funds from the still-open HELOC. In December 2007, IndyMac commenced an action to foreclose the IndyMac mortgage; HSBC was not named as a party in that action. In January 2008, HSBC commenced the instant action to foreclose the HSBC HELOC mortgage, naming, among others, "Mortgage Electronic Registration Systems, Inc. as Nominee for Indymac Bank, F.S.B." as a defendant.

In November 2008, IndyMac obtained title to the subject property after being the successful bidder at the foreclosure auction held in connection with IndyMac's foreclosure action. Ultimately, in April 2010, title to the subject property was transferred to the defendant Dale Hansen. In January 2011, Hansen, as the record owner of the subject property, was granted leave to intervene as a defendant in the instant action. In his answer, he asserted counterclaims, inter alia, for the cancellation and discharge of the HSBC HELOC mortgage.

Hansen moved for summary judgment dismissing the complaint insofar as asserted against him, arguing that HSBC was obligated to close the HELOC in 2004 when, in the course of the IndyMac refinancing, the outstanding balance on the HELOC was paid in full and the HSBC form requesting that a

satisfaction of the HSBC HELOC mortgage be sent to Mandel for filing was submitted to HSBC. In support of his motion, Hansen submitted, among other things, an affirmation from Mandel stating that he tendered both the "payoff check" and the HSBC form to HSBC. Hansen also submitted, inter alia, a copy of the check payable to HSBC in an amount sufficient to pay off the HELOC balance and the HSBC form, along with the cover letter from Mandel, transmitting the check and the HSBC form. The cover letter stated that enclosed was a "payoff check[ ] . . . for the . . . referenced loan in the amount [of] $47,355.93" and advised that "any questions" should be directed to him.

HSBC opposed Hansen's motion, arguing that Hansen failed to establish his entitlement to judgment as a matter of law. HSBC contended that tendering the HSBC form advising that a discharge of the HSBC HELOC mortgage was to be forwarded to Mandel was not enough to close the HELOC. The Supreme Court denied Hansen's motion, concluding that he failed to meet his prima facie burden. Hansen appeals, and we reverse.

The Real Property Actions and Proceedings Law provides, with respect to a credit line mortgage, that: "After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made, and . . . on written request, a mortgagee of real property situate in this state . . . must execute . . . a satisfaction of mortgage" (RPAPL 1921 [1]). "A letter requesting that a mortgagee close a credit line and send a satisfaction of the mortgage, or the transmission to the mortgagee of a satisfaction of mortgage accompanied by a request to execute it and return it to a title company for recording" is sufficient to "satisfy the statutory requirement of a written request for a satisfaction of mortgage" (*HSBC Bank, USA v Pughkem*, 88 AD3d 649, 650 [2011] [citation omitted]). Here, the HSBC form requesting that a mortgage satisfaction be forwarded to Mandel for filing was sufficient to satisfy the writing requirement of RPAPL 1921 (1). While the HSBC form requesting a mortgage discharge was not signed by the Carrs themselves, this fact is not determinative (*see Merrill Lynch Equity Mgt. v Kleinman*, 246 AD2d 884 [1998]; *Barclay's Bank of N.Y. v Market St. Mtge. Corp.*, 187 AD2d 141 [1993]). By negotiating the payoff check without any further inquiry, HSBC effectively waived any possible right it might have had to insist that the necessary "written request" for a discharge of the HSBC HELOC mortgage (RPAPL 1921 [1]) be signed by the Carrs as the parties that established the HELOC (*cf. Merrill Lynch Equity Mgt. v Kleinman*, 246 AD2d at 885-886; *see also*

*E\*Trade Bank v Perez*, 22 Misc 3d 1127[A], 2009 NY Slip Op 50314[U] [Sup Ct, Queens County 2009]).

Accordingly, Hansen's submissions were sufficient to establish his prima facie entitlement to judgment as a matter of law (*see HSBC Mtge. Corp. [USA] v Pascoe*, 100 AD3d 701 [2d Dept 2012]; *Merrill Lynch Equity Mgt. v Kleinman*, 246 AD2d 884, 885 [1998]; *Barclay's Bank of N.Y. v Market St. Mtge. Corp.*, 187 AD2d 141 [1993]; cf. *HSBC Bank, USA v Pugkhem*, 88 AD3d 649 [2011]; *Matter of Reitman v Wachovia Natl. Bank, N.A.*, 49 AD3d 759 [2008]). In opposition, HSBC failed to raise a triable issue of fact.

HSBC's remaining contentions are without merit. Accordingly, the Supreme Court should have granted Hansen's motion for summary judgment dismissing the complaint insofar as asserted against him. Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.