Lahtinen, J.
Appeal from an order of the Supreme Court (Mc-Donough, J.), entered April 13, 2011 in Rensselaer County, which, among other things, granted plaintiffs motion for summary judgment.
In October 2005, defendant Julia DiNova obtained from plaintiff a credit line of up to $150,000 secured by a mortgage on her home. She refinanced in April 2006 and received $376,000 that was secured by a mortgage that was later assigned to defendant JPMC Speciality Mortgage LLC. In preparation for the refinance mortgage closing, plaintiff provided a letter on March 31, 2006 reporting a net payoff for the credit line of $140,226.12, which included a $75 fee for providing and recording the satisfaction of mortgage and $1,475 for the mortgage tax. Between the time of plaintiffs March 31, 2006 letter and when counsel for the refinance mortgagee delivered a check for $140,226.12 to plaintiff on April 13, 2006, DiNova apparently took additional advances on the credit line account, including $433 on April 5, 2006, $1,902 on April 12, 2006 and $332.72 on April 13, 2006.* Although the $140,226.12 check was delivered to plaintiff with a letter stating that the amount was a payoff of the credit line loan and requesting that a satisfaction of mortgage be recorded, plaintiff did not execute or record a satisfaction of mortgage. Thereafter, DiNova continued taking advances on the credit line, accruing a balance of nearly $150,000 before filing for bankruptcy.
Plaintiff commenced this foreclosure action in September 2009. In its answer, JPMC asserted, among other things, that plaintiff was obligated to issue a satisfaction of the credit line mortgage based on the April 2006 payoff (see RPAPL 1921 [1]). Plaintiff moved for, among other things, summary judgment and an order of reference in the mortgage foreclosure action. JPMC cross-moved for an order directing plaintiff to execute and acknowledge a satisfaction of mortgage. Supreme Court granted plaintiff’s motion and denied JPMC’s cross motion. JPMC appeals.
The nature of a credit line mortgage, where the balance may go to zero but the credit line and mortgage can nonetheless remain in effect, gives rise to disputes of this nature where a subsequent mortgagee asserts that the credit line mortgage *1119 should have been discharged (see Merrill Lynch Equity Mgt. v Kleinman, 246 AD2d 884, 885 [1998], lv denied 92 NY2d 802 [1998]; Barclay’s Bank of N.Y. v Market St. Mtge. Corp., 187 AD2d 141, 143-144 [1993]; see also HSBC Bank, USA v Pugkhem, 88 AD3d 649, 650 [2011]; Matter of Reitman v Wachovia Natl. Bank, N.A., 49 AD3d 759, 760 [2008]). Where a credit line mortgage is paid down to zero and, at such time, that mortgagee is given reasonable notice of an intent to satisfy the mortgage, rigid compliance with all conditions set by the credit line mortgagee is not required (see Merrill Lynch Equity Mgt. v Kleinman, 246 AD2d at 886; Barclay’s Bank of N.Y. v Market St. Mtge. Corp., 187 AD2d at 144-145; see also HSBC Mtge. Corp. [USA] v Carr, 100 AD3d 963, 965 [2012]; HSBC Mtge. Corp. [USA] v Pascoe, 100 AD3d 701, 702 [2012]; Bergman on New York Mortgage Foreclosure § 2.25).
Here, we initially note that DiNova’s credit line statement showing the actual dates of the purported relevant advances is not in the record, as plaintiff instead relied upon representations of one of its officers who indicated that he had reviewed the pertinent information. JPMC submitted, among other things, an affidavit from Peter Murray, the attorney who represented its assignor at the refinance mortgage closing. Murray stated that he had hand-delivered to plaintiff the payoff check of $140,226.12, together with an accompanying letter dated April 13, 2006 and a copy of plaintiffs payoff letter of March 31, 2006. Murray’s letter is in the record and provides that the check is for a payoff of the credit line mortgage and the letter requests a “Satisfaction/Discharge of Mortgage.” The amount paid included fees set forth in plaintiffs March 31, 2006 letter for satisfaction of the mortgage and a mortgage tax. Murray avers that he further stated to plaintiffs employee at the time he delivered the check that it was a payoff amount, and he recites in his affidavit that his usual practice when delivering the check includes receiving verbal confirmation that the funds are sufficient to fully satisfy and thus close the loan. It is not clear from the record what DiNova’s actual balance was when the payoff was made and, importantly, whether plaintiff represented it as zero to Murray when receiving the check. Under the circumstances, there are sufficient factual issues to preclude summary judgment (see HSBC Bank, USA v Pugkhem, 88 AD3d at 651; see also Merrill Lynch Equity Mgt. v Kleinman, 246 AD2d at 886-887).
Peters, PJ., McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs motion for summary judgment; motion denied; and, as so modified, affirmed.

 While it is not clear whether the payoff was made on April 13, 2006 or April 14, 2006, we accept the facts most favorable to the party opposing summary judgment. There was a fourth advance for $257.45 on April 14, 2006.